# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **FAITH TABERNACLE PENTECOSTAL CHURCH, INC.** | § § § | |
| *Plaintiff*, | § § | **CIVIL ACTION NO. 1:19-cv-00635** |
| v. | § § | **(JURY)** |
| **CHURCH MUTUAL INSURANCE COMPANY** | § § § | |
| *Defendant.* | § | |

## DEFENDANT CHURCH MUTUAL INSURANCE COMPANY'S
## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, **CHURCH MUTUAL INSURANCE COMPANY** ("Church Mutual") files this Notice of Removal to the United States District Court for the Eastern District of Texas, Beaumont Division, and respectfully shows the following:

### I.
### SUMMARY OF REMOVAL

1.  Church Mutual removes this matter from the 163rd Judicial District Court of Orange County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division. Church Mutual has met all of the requirements of 28 U.S.C. § 1441: (a) There is complete diversity between Plaintiff, **FAITH TABERNACLE PENTECOSTAL CHURCH, INC.** (hereinafter, sometimes "Faith Tabernacle" or "Plaintiff") (a citizen of the State of Texas), and Defendant, Church Mutual (a citizen of the State of Wisconsin); and (b) the amount in controversy in this action exceeds $ 75,000.00.

## II.
### REMOVAL EXHIBITS

2. In support of its Notice of Removal, Church Mutual attaches the following exhibits, and incorporates same herein by reference:

|  |  |
|---|---|
|  | Civil Cover Sheet |
| Exhibit A | List of All Parties |
| Exhibit B | Case Information Sheet for B190425-C (163rd Court, Orange County) |
| Exhibit C | Plaintiff's Original Petition (10/16/2019); |
| Exhibit D | Defendant Church Mutual Insurance Company's Original Answer (12/21/2019) |
| Exhibit E | E-Filing Request for Process (11/26/2019) |
| Exhibit F | Affidavit of 11/27/2019 Service on Church Mutual Insurance (12/06/2019) |
| Exhibit G | List of Attorneys |
| Exhibit H | Parties Requesting Jury Trial |
| Exhibit I | Court Information for Originating Court |
| Exhibit J | Disclosure Statement Pursuant to FED. R. CIV. P. 7.1. |

## III.
### PROCEDURAL BACKGROUND

3. On October 16, 2019, Plaintiff commenced its civil action by filing its Original Petition in the 163rd Judicial District Court of Orange County, Texas as Cause No. B190425-C; *Faith Tabernacle Pentecostal Church, Inc. v. Church Mutual Insurance Company* ("State Court

Suit").[1] Church Mutual was served on November 27, 2019,[2] and appeared and answered on December 21, 2019.[3]

4. According to its Petition, Faith Tabernacle seeks damages related to a property-insurance policy issued by Church Mutual in effect when Faith Tabernacle's property was allegedly damaged by Hurricane Harvey on or about August 25, 2017.[4] Plaintiff subsequently filed its claim with Church Mutual, which Church Mutual acknowledged and investigated.

5. The Petition makes numerous allegations against Church Mutual, and asserts causes of action for breach of contract, violations of Texas Insurance Code, violation of the Prompt Payment of Claims Act, breach of the duty of good faith and fair dealing, and violations of Texas DTPA.[5]

6. Church Mutual now removes this case pursuant to 28 U.S.C. § 1441.

## IV.
## ARGUMENT AND AUTHORITIES

### A. Legal standard for Removal

7. A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed.[6] To determine whether removal jurisdiction exists, the claims in the state court petition are considered as they exist at the time of removal.[7] Doubts about the propriety of removal are to be resolved in favor of remand.[8]

---

1------ *See*, Ex. C.

2------ *See*, Ex. F.

3------ *See*, Ex. D.

4------ *See*, Ex. C., Pltf's Orig. Pet. p. 3, ¶ 9.

5------ *See*, Ex. C, p. 6, *et passim*.

6------ *See*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441).

7------ *Manguno*, 276 F.3d at 723.

8------ *See*, *In re Hot-Hed*, *Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam).

**B. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.**

**1.** *There is complete diversity between the parties.*

8.      Federal district courts have diversity jurisdiction of all civil actions where the between citizens of different states (provided the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs). 28 U.S.C. § 1332(a)(1). If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, a case is removable when none of the parties in interest properly joined as defendants is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b).

9.      Faith Tabernacle is a non-profit corporation formed in and pursuant to the laws of the State of Texas with its principal place of business in Orange County, Texas. Church Mutual is a corporation duly organized in and pursuant to the laws of the State of Wisconsin, and maintains its principal business offices in Merrill, Lincoln County, Wisconsin. Accordingly, there is completely diversity between Faith Tabernacle and Church Mutual.

**2.** *The amount in controversy exceeds $75,000.00.*

10.     Faith Tabernacle expressly avers that they have received an estimate for the cost to repair wind damages to the roof in the amount of $45,179.18,[9] and alleges that Defendant "failed to accept or deny coverage for the wind damage to the roof" in this amount.[10] Plaintiff further alleges that it is entitled to recover as damages "the benefit of their bargain, which is the amount of their claims" for Church Mutual's purported breach of contract,[11] and further asserts that it is entitled to "three (3) times its actual damages, pursuant to Tex. Ins. Code § 541.152, *et seq.*" Therefore, based on the allegations made on the face of Plaintiff's petition, Plaintiff alleges that it

---

9 ----- *See* Ex. C. at ¶ 26.
10 --- *Id.* at ¶ 27.
11 --- *Id.* at ¶ 26.

is entitled to $45,179.18 in "actual damages" and an additional $135,537.54 in extra-contractual, statutory damages. Therefore, the matter in controversy clearly exceeds the sum or value of $ 75,000.00 (exclusive of interest, costs, and attorney fees), satisfying the requirements of 28 U.S.C. § 1332(a). This case is therefore subject to removal pursuant to 28 U.S.C. §§ 1441 and 1446.

**C.  All requirements for removal have been met and removal to this Court is proper.**

11. In accordance with 28 U.S.C. § 1446(b)(1), a defendant timely files its notice of removal within 30 days after receiving a copy of the initial pleading. Church Mutual was served on November 27, 2019 by delivery to its registered agent for service of process in Texas, CSC, and made its appearance in the State-Court Action on December 21, 2019. Removal is therefore timely as this Notice of Removal was filed within the time limits required by § 1446.

12. The United States District Court for the Eastern District of Texas, Beaumont Division is the proper court to which to remove this action because this civil action is pending in the Eastern district and Beaumont division.[12] 28 U.S.C. § 1446(a).

13. In accordance with the provisions of 28 U.S.C. § 1446(d), Church Mutual is serving written notice upon counsel for Faith Tabernacle and is filing a copy of this Notice of Removal with the District Clerk of Orange County, Texas. ICA, LP consents to the removal of this action. Charles Bunn's consent to the removal of this action is unnecessary, as Bunn is not a "properly joined" party to the State Court Action. 28 U.S.C. § 1446(b)(2)(A). Katherine MacMonagle's consent is not necessary as she has not been served in the state-court action. *Id*.

---

12  --- 28 U.S.C. § 1446(a).

# V.
## JURY DEMAND

14.     Church Mutual made a demand for a jury trial in the State Court Action.[13] However, in accordance with FED. R. CIV. P. 38(b), Church Mutual by its inclusion herein hereby serves on Plaintiff this written demand for a jury trial; by inclusion herein, Church Mutual's jury demand satisfies FED. R. CIV. P. 5(d). Church Mutual has annotated the case style to reflect its request for a jury trial in accordance with L.R. CV-38(a).

# VI.
## CONCLUSION

**WHEREFORE** Defendant, **CHURCH MUTUAL INSURANCE COMPANY** files its Notice that the above-entitled action is removed from the 163rd District Court of Orange County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division and Defendant requests that this Court take jurisdiction of the case through to final judgment in accordance with the laws of the United States of America.

Respectfully submitted,

By: _____
MARC A. SHEINESS (Attorney-in-Charge)
Texas State Bar No. 18187500
Todd F. Newman
Texas State Bar No. 24032906
SHEINESS, GLOVER, & GROSSMAN, L.L.P.
4544 Post Oak Place Drive, Suite 270
Houston, Texas 77027
Telephone: (713) 374-7005
Facsimile:  (713) 374-7049
Email: msheiness@hou-law.com
Email: tnewman@hou-law.com

*Attorneys for Defendant*,
**CHURCH MUTUAL INSURANCE COMPANY**

---

13   --- *See* Ex. D, p. 1.

6

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of this instrument has been served on all counsel of record by e-filing, certified mail – return receipt requested, regular mail or hand delivery on this __21st__ day of December 2019.

Phillip N. Sanov
Carla R. Delpit
PANDIT LAW FIRM, LLC
One Galleria Tower
2700 Post Oak Blvd., 21st Floor
Houston, Texas 77056
Facsimile: (504) 313-3820
Email: psanov@panditlaw.com
cdelpit@panditlaw.com

*Attorneys for Plaintiff*
FAITH TABERNACLE
PENTECOSTAL CHURCH, INC.

_____
MARC A. SHEINESS